

U.S. Department of Justice

*Rachael S. Rollins*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 19, 2022

Carlos Dominguez, Esq.
90 Canal Street
Fourth Floor, Suite 36
Boston, MA 02114

Re:  United States v. Arismendy Gil-Padilla
     Criminal No. 19-cr-10425-DJC

Dear Attorney Dominguez:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Arismendy Gil-Padilla ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

1.  Change of Plea

No later than February 2, 2022, Defendant will plead guilty to counts One through Five of the Superseding Indictment: felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count One); distribution of and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Three); distribution of and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and distribution of and possession with intent to distribute 40 grams or more of fentanyl and cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Five). Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

The U.S. Attorney agrees not to file an Information pursuant to 21 U.S.C. § 851 in this matter.

2. <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties:

- for Counts One and Three, incarceration for up to ten years; supervised release for a maximum of three years; a fine of up to $250,000; a mandatory special assessment of $100 for each offense; and forfeiture to the extent charged in the Superseding Indictment.

- for Counts Two and Four of the Superseding Indictment: incarceration for a maximum of twenty years; supervised release for a mandatory minimum term of three years, up to life; a fine of up to $1,000,000; a mandatory special assessment of $100 for each offense; and forfeiture to the extent charged in the Superseding Indictment.

- for Count Five of the Superseding Indictment: incarceration for a maximum of forty years imprisonment with a minimum mandatory term of five years; supervised release for a mandatory minimum term of four years, up to life; a fine of up to $5,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Indictment.

Defendant understands that, if he is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Rule 11(c)(1)(C) Plea</u>

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw his plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw his guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. <u>Sentencing Guidelines</u>

The parties agree that for purposes of this plea agreement, based on the following calculations, without regard to Defendant's Career Offender status, that Defendant's total "offense level" under the Guidelines would be 30:

> a) Defendant's base offense level is 26, because Defendant was previously convicted of at least two crimes of violence or controlled substance offenses

      and at least one of the firearms had a large capacity magazine (USSG § 2K2.1(a)(4)(1));

b) Defendant's offense level is increased by 4, because Defendant possessed between 8 and 24 firearms (USSG § 2K2.1(b)(1)(B));

c) Defendant's offense level is increased by 2, because at least one of the firearms was reported stolen (USSG § 2K2.1(b)(4));

d) Defendant's base offense level is capped at 29 (USSG § 2K2.1(b)(4));

e) Defendant's offense level is increased by 4, because he used and possessed a firearm in connection with another felony offense (USSG § 2K2.1(b)(6)(B)); and

f) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

The parties also agree that Defendant's total offense level is 31 based on the following calculation:

a) Defendant's base offense level is 34, because Defendant is a Career Offender (USSG § 4B1.12K2.1(a)(4)(1)); and

b) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.      <u>Agreed Disposition</u>

The parties agree on the following sentence:

a) incarceration for between 120 and 188 months;

b) no fine;

      c) six years of supervised release;

      d) a mandatory special assessment of $500, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

      e) forfeiture as set forth in Paragraph 7.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

      a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

      b) He will not challenge his <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

7. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*     *     *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Carol E. Head.

        Sincerely,

        RACHAEL S. ROLLINS
        United States Attorney

By:    *s/Timothy Moran*
        TIMOTHY MORAN
        Chief, Organized Crime and Gang Unit
        MICHAEL CROWLEY
        Deputy Chief, Organized Crime and Gang Unit

        *s/Carol E. Head*
        CAROL E. HEAD
        Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Arismendy Gil-Padilla
Defendant

Date: 1/28/22

I certify that Arismendy Gil-Padilla has read this Agreement and that we have discussed what it means. I believe Arismendy Gil-Padilla understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Carlos Dominguez
Attorney for Defendant

Date: 1-28-2022

7