UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | CRIMINAL ACTION |
| ) | CASE # 19-CR-10425-DJC |
| v. ) | |
| ) | |
| ARISMENDY GIL-PADILLA ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

For the reasons set forth in detail below, the defendant respectfully recommends that this Court impose a reasonable and just sentence that reflects both the nature of his offense and his personal characteristics and background. In this respect, defendant seeks a sentence that is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a)(2). For the reasons that follow, Arismendy Gil-Padilla submits that a sentence not to exceed 120 months, is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Additionally based on his history of Substance Abuse the defendant prays that this court make a recommendation to the Federal Bureau of Prison that he be allowed to participate in the RDAP program and include the recommendation in the Judgement.

## I.  Application of 18 U.S.C. §3553(a)(2).

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to take into consideration four (4) specific factors. These four (4) factors are as follows: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. As addressed more fully below, a sentence not to exceed 120 months of incarceration would adequately take these four factors into consideration.

## II. MITIGATING FACTORS TIED TO HISTORY AND CHARACTERISTICS. 18 U.S.C. §3553(a)(1) AND OTHER VARIANCES.

### A. FAMILY TIES AND RESPONSIBILITIES.

The court ought to consider the defendant's family ties and responsibilities in fashioning a just sentence. The defendant is the biological father of a four year old boy named Josiah White.

Prior to his arrest for the instant offense, the defendant saw his son regularly and provided voluntary child support as needed. While detained the defendant has maintained regular telephone communication with his son. **(PSR at § 61).** In the letter provided to the court from Josiah's biological mother, Dakota White, she considers Arismendy as "very much a factor in his child's life". In the letter Dakota cites numerous programs Arismendy has completed during his incarceration including a parenting class. Dakota believes Arismendy has grown as a person and a father and "that means the world to our entire family". (**<u>Exhibit A LETTERS – see DAKOTA WHITE Letter</u>).**

A downward departure for extraordinary family circumstances may be appropriate where the care provided by the defendant is irreplaceable or otherwise extraordinary. Admittedly, this case does not exhibit the classic extraordinary family circumstances such as a serious medical condition of a family member which impacts the care of the children. However, the defendant's child is at a tender age where the prolonged absence of their father could result in a lifetime of negative consequences. Emotional support is an important factor under certain circumstances such as this case.

**B.  PRE SENTENCE REHABILITATION**

Arismendy has been detained in Federal custody continuously for 23 months since 6/24/2020. While incarcerated, Arismendy has successfully completed numerous programs earning a certificate of completion in each and has also completed his GED The programs include "transition to the community", "anger management", "healthy relations" and a "custodial technician program", "addiction basics", "overdose prevention", "recovery coaching". (**Exhibit B Program Certificates of Completion, PSR at § 77-79**).

Francis Connolly, program facilitator and recovery coach at the Norfolk County Correctional Facility wrote a letter on behalf of Arismendy describing in glowing terms  Arismendy's rehabilitation while incarcerated and his believe that Arismendy will make a very positive impact in the community when he is able to rejoin it. The most telling part of the  letter is Mr. Connolly's statement that "honestly I have never written such an effusive letter on behalf of an inmate but my words are warranted.". (**Exhibit A LETTERS – see Francis Connolly Letter).**

**C. SUBSTANCE ABUSE.**

The Court should consider whether a history of drug or alcohol dependence may make a defendant less culpable if he committed the crime to feed a drug habit. At the same time, they may make recidivism more likely because of the grave potential that the defendant will relapse upon release and engage in still more crime.

Here the defendant reports a history of chronic substance abuse. He first consumed alcohol at 10. His alcohol consumption increased from the age of 16-24 and from the age of 27-29 it decreased. (**PSR at ¶ 72**). He first smoked marijuana when he was 10 years old and smoked it on a daily basis for age 10-24 (**PSR at ¶ 73**). From age 14-17 he used ecstasy occasionally. (**PSR at ¶ 74**). He first used cocaine when he was 15 years old. At the peak of his use at age 24 he was using up to seven grams on weekends. (**PSR at ¶ 75**). He experimented with Molly when he was 24 and has not used since. (**PSR at ¶ 76**).

The effect of his addiction speaks to the addictions control over the defendant. It is reasonable to conclude that, to some extent, the defendant's involvement in the instant offense was fueled by his habit. The defendant was without a job and in the grips of a vicious addiction.

### D. LACK OF YOUTHFUL GUIDANCE

As noted in the (**PSR ¶ 54-55),** Arismendy had the absence of a father in his life and little or no adult supervision while growing up. The father was deported to the Dominican republic when Arismendy was 9 years old. Prior to being deported the Arismendy reports that the father was an alcoholic who used cocaine and physically and verbally abused him and his mother. Added to that his mother worked several jobs and Arismendy was often left alone. Arismendy indicated that he was "always on the streets" as a youth because he received very little supervision from his mother.

The court ought to consider the consequence this rudderless upbringing had on the tragic choices made by the defendant throughout his adult life.

### E. Downward Departure or Variance  Is Necessary to Provide Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

As the PSR demonstrates, aside from his Substance Abuse issues Arismendy is dealing with a host of health issues that may be better taken care of in a non-custodial setting. Arismendy suffers asthma and a chronic depressive disorder. Arismendy's  Physical, Mental and Emotional Health Conditions are set forth  in the PSR. (**See PSR, ¶ 65-70**). An important consideration for the Court under 18 U.S.C. § 3553(a)(2)(D) is

the need to provide the defendant with medical care in the most effective manner.

Although the government and Bureau of Prisons ("BOP") will always represent that they can handle any type of medical issue, the combination of Arismendy's physical, mental, past substance abuse and age calls for the recommended departure or variance. See e.g. United States v. Alemenas, 553 F.3d 27 (1 Cir.2009)(after granting downward departure from career offender guideline for defendant charged with crack distribution, district court also varied 43 months below the reduced range citing defendant's chronic neck pain and his mental and emotional condition); United States v. Martin, 363 F.3d 25 (1 Cir. 2004)(downward departure upheld due to the serious medical problems of the defendant and BOP's inability to adequately treat him.

### F. REMORSE

At his Rule 11 hearing Luis unequivocally accepted responsibility and contrition for his actions. In his letter to the Court Arismendy fully accepts responsibility for his actions and laments the fact that he will not be available as a father to see his son grow. He also makes it clear that he understands that his actions have caused him to miss being around his family. (**Exhibit A LETTERS – see Arismendy  Letter).**

### G. OTHER: HARSH PRETRIAL CONDITIONS DURING COVID

The Court should consider the sometimes onerous conditions of confinement during the Covid-19 Pandemic sometimes requiring 23 hour lockdowns along with the reduced access to programs and family visitation restrictions.

### III. Conclusion.

For the reasons set forth above, Arismendy Gil-Padilla submits that a sentence not to exceed 120 months is "sufficient but not greater than necessary" to address his actions in this case. Additionally based on his history of Substance Abuse the defendant prays that this court make a recommendation to the Federal Bureau of Prison that he be allowed to participate in the RDAP program and include the recommendation in the Judgement.

Defendant, by his attorney,

/S/CARLOS J. DOMINGUEZ
Carlos J. Dominguez
90 Canal Street
4th Floor
Suite 400
Boston, MA 02114
(617) 742-2824
BBO # 567005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on all counsel of record on May 23, 2022 by complying with this court's directives on
electronic filing.

*/s/ Carlos J. Dominguez*